[Cite as *Catalanotto v. Byrd*, 2016-Ohio-2815.]

| STATE OF OHIO | )       | IN THE COURT OF APPEALS |
|               | )ss:    | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | )    |                         |

JOHN CATALANOTTO, et al.

    Appellants

    v.

PHYLLIS BYRD

    Appellees

C.A. No.      27824

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2011 04 1811

DECISION AND JOURNAL ENTRY

Dated: May 4, 2016

SCHAFER, Judge.

{¶1} Plaintiffs-Appellants, John and Rita Catalanotto, appeal the judgment of the Summit County Court of Common Pleas denying their request for a new trial. For the reasons that follow, we reverse the trial court's judgment.

I.

{¶2} This is the second time that this matter has come before us on appeal. In the first appeal, we outlined the relevant background of the case as follows:

> The Catalanottos and [Defendant-Appellee, Phyllis] Byrd[,] are neighbors who became embroiled in a longstanding feud with one another.[1] The feud resulted in the Catalanottos filing suit against Byrd and her boyfriend, Defendant-Appellee, Edwin Moore. In their suit, the Catalanottos brought [claims] against Byrd and Moore for trespass, loss of enjoyment, intentional infliction of emotional distress,

---

[1] The trial transcript is not part of the record so the nature of the parties' feud is not entirely clear. However, based on the pleadings, it appears that the feud first developed due to the fence that separates their properties. Byrd was alleged to have painted the part of the fence facing her property a dark brown color and the paint bled through to the other side facing the Catalanottos' property, which was painted white. This ominous beginning led to a variety of later disputes.

invasion of privacy, and declaratory judgment. They also brought [claims] against Byrd alone for conversion, trespass to chattels, malicious prosecution, and abuse of process. * * * Byrd filed several counterclaims against the Catalanottos, including claims for trespass, assault, and intentional infliction of emotional distress. Byrd's counterclaims for trespass and assault included a request for punitive damages and attorney fees.

A jury trial took place and * * * resulted in verdicts in favor of Byrd on her counterclaims for trespass, assault, and intentional infliction of emotional distress. As to her claim for trespass, the jury found that the Catalanottos had acted with malice and that Byrd was entitled to attorney fees, but did not award her either compensatory or punitive damages. As to her claim for assault, the jury likewise found that the Catalanottos had acted with malice and that Byrd was entitled to attorney fees, but once again did not award her compensatory damages. The jury awarded Byrd $5,000 in punitive damages on her claim for assault and $10,000 in compensatory damages for her claim of intentional infliction of emotional distress. The court entered judgment on the verdicts[.]

* * * [T]he Catalanottos filed a motion for judgment notwithstanding the verdict [under Civ.R. 50(B)]. In their [Civ.R. 50(B)] motion, they argued that Byrd was not entitled to punitive damages on her assault claim because the jury had failed to award her compensatory damages on that claim. They further argued that, once the court overturned the punitive damage award, Byrd would not be entitled to attorney fees. Byrd responded in opposition, arguing both that the Catalanottos' motion was procedurally defective and that she should prevail on the [merits].

The trial court granted the [Catalanottos'] motion in part and denied in part. Specifically, the court vacated the punitive damage award, but allowed the award of attorney fees. [After an attorney fee hearing, the trial court] ordered the Catalanottos to pay $15,000 for Byrd's attorney fees.

*Catalanotto v. Byrd*, 9th Dist. Summit No. 27302, 2015-Ohio-277, ¶ 2-5 ("*Catalanotto I*").

{¶3} Both parties appealed the original trial court's ruling on the Civ.R. 50(B) motion. Byrd argued on appeal that the trial court erred in partially granting the Catalanottos' Civ.R. 50(B) motion because the motion was procedurally defective in that it only challenged the punitive damages and attorney fee awards as "contrary to Ohio law." We agreed and sustained Byrd's assignment of error on that basis since Civ.R. 50(B) only allows parties to challenge a jury's verdict, not the jury's damages award. *Id*. at ¶ 8-9. We further determined that the

appropriate relief for this error was to reverse and remand and we explained the scope of the proceedings on remand as follows:

> On remand, the parties will be placed in the positions they occupied prior to the entry of the trial court's erroneous judgment in favor of the Catalanottos. Thus, the Catalanottos' [Civ.R. 50(B)] motion will be before the court, and it will be for the court to decide whether to deny the motion on procedural grounds or to employ Civ.R. 59(D) and determine whether the Catalanottos should be afforded relief in the form of a new trial.

*Id*. at ¶ 10.

{¶4} On remand, the trial court denied the Catalanottos' motion for judgment notwithstanding the verdict and their "prayer for a new trial."[2] As to the Civ.R. 50(B) motion, the trial court stated that "[s]ince there is no provision in Civ.R. 50(B) for relief based on a jury award that is contrary to law, [the Catalanottos'] Civ.R. 50(B) motion * * * is denied as it is a remedy to which they are not entitled." As to the Catalanottos' request for a new trial, the trial court noted that the entry of judgment was filed on May 17, 2013 and the Catalanottos did not assert their request for a new trial until filing a reply brief on June 14, 2013. The trial court concluded that under the provisions of former Civ.R. 59, the Catalanottos had to request a new trial within 14 days of the entry of judgment and since they failed to do that, the trial court denied the Catalanottos' request as untimely. The trial court also declined to sua sponte grant a new trial under Civ. 59(D) on the basis that this provision only allows such relief within 28 days of the entry of judgment. The court determined that since the time period for such relief expired on June 14, 2013, it was precluded from sua sponte granting a new trial.

{¶5} The Catalanottos timely appealed this judgment, presenting two assignments of error for our review.

---

[2] The parties filed several pleadings after this matter was remanded but the trial court struck them from the record based on the guidance we handed down in *Catalanotto I* regarding the scope of the proceedings on remand. Neither party has challenged this order.

II.

## Assignment of Error I

**The trial court erred by failing to order a new trial.**

{¶6} In their first assignment of error, the Catalanottos argue that the trial court erred in denying their request for a new trial. We agree to the extent that we determine the trial court abused its discretion by denying the Catalanottos' request as untimely.

### A. Standard of Review

{¶7} Our review of a trial court's ruling on a motion for new trial "depends upon the grounds of the motion." *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 17. The Catalanottos assert that they are challenging the trial court's exercise of discretion in denying their request for a new trial. As a result, we review the trial court's ruling in this matter for an abuse of discretion. *See Price v. KNL Custom Homes, Inc.*, 9th Dist. Summit No. 26968, 2015-Ohio-436, ¶ 43. An abuse of discretion implies the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

### B. The Catalanottos' Request for a New Trial Was Timely

{¶8} On remand, the trial court denied the Catalanottos' request for a new trial on the basis that the request was untimely. In doing so, the trial court relied on former Civ.R. 59(B), which provided that "[a] motion for a new trial shall be served not later than fourteen days after the entry of the judgment." But, effective July 1, 2013, Civ.R. 59(B) was amended to provide that "[a] motion for a new trial shall be served not later than twenty-eight days after the entry of judgment." By virtue of Civ.R. 86(JJ), this amendment to Civ.R. 59(B) "govern[ed] * * * all

further proceedings in actions then pending, except to the extent that their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies." To resolve whether the Catalanottos' request for a new trial was timely, we must determine which version of Civ.R. 59(B) applied.

{¶9} When the trial court entered judgment in favor of Byrd, former Civ.R. 59(B) was in effect. However, by the time that the trial court ruled on the Catalanottos' Civ.R. 50(B) motion and their request for a new trial in August 2013, the amended version of Civ.R. 59(B) was in effect and applicable to all actions then-pending. *See* Civ.R. 86(JJ). Since this matter was pending when the amended version of Civ.R. 59(B) became effective, we conclude that the amendment's 28-day time limitation applied to this matter. *See Hubiak v. Ohio Family Practice Ctr.*, 9th Dist. Summit No. 26949, 2014-Ohio-3116, ¶ 32 (applying amended version of Civ.R. 4.1 to matter based on provisions of Civ.R. 86(II)); *see also Albers v. Tri-State Implement, Inc.*, D.S.D.No. CR. 06-4242-KES, 2010 WL 960010, *6 (Mar. 12, 2010) (determining that 28-day limitation of amended Fed.R.Civ.P. 59(b), which is nearly identical to the amended version of Civ.R. 59(B), applied even though judgment was entered before the effective date of the amendment "because the court had not ruled on the plaintiffs' postjudgment motions" until after the effective date). The 28-day time limitation in this matter commenced with the entry of judgment on May 17, 2013 and expired on June 14, 2013. Because the Catalanottos filed their reply brief with a request for a new trial on June 14, 2013, we conclude that their request was timely.

{¶10} The trial court could have decided that the 14-day limitation of former Civ.R. 59(B) applied only if it determined that the amended limitation of 28 days was "not * * * feasible or would work injustice[.]" Civ.R. 86(JJ). But, the trial court never made such a finding. And,

we are unable to discern any basis in the record for concluding that applying the 28-day limitation would be unfeasible or unjust. *See Hubiak* at ¶ 30 ("Civ.R. 86(II) directs courts to apply the amended rules to 'all further proceedings in actions then pending' except where it would not be feasible or work an injustice. No injustice is found after an examination of the record for the application of the amended rules to the present case."); *see also Albers* at \*6 ("Defendants may lose the 'potential windfall' of having plaintiffs' motions dismissed on the timing issue, but this loss does not equate to prejudice to defendants."), citing *Burt v. Ware*, 14 F.3d 256, 260 (5th Cir.1994).

**{¶11}** In sum, we determine that the amended version of Civ.R. 59(B) and its 28-day time limitation applied to this matter. Since the Catalanottos filed their request for a new trial within that timeframe, their request was timely and the trial court erred by finding otherwise. Consequently, the trial court abused its discretion in denying the Catalanottos' request for a new trial as untimely.

### C. The Trial Court Must Consider Merits in the First Instance

**{¶12}** Since the trial court denied the Catalanottos' request for a new trial as untimely, it did not reach the merits of their argument for Civ.R. 59 relief. "If [we] were to reach issues that had not been addressed by the trial court in the first instance, [we] would be usurping the role of the trial court and exceed [our] authority on appeal." (Internal citations and quotations omitted.) *Nationstar Mtge., L.L.C. v. Young*, 9th Dist. Summit No. 27499, 2015-Ohio-3868, ¶ 6. Due to our role as a reviewing court, we cannot make a determination regarding the merits of an argument in the first instance. *State v. M.D.*, 9th Dist. Lorain No. 14CA010657, 2015-Ohio-4003, ¶ 7. Rather, we must remand this matter for the trial court to address the merits of the Catalanottos' request for a new trial in the first instance.

**{¶13}** Accordingly, we sustain the Catalanottos' first assignment of error to the extent that the trial court erred in denying the request for a new trial as untimely.

### Assignment of Error II

**The trial court abused its discretion by not reducing Byrd's requested attorney fees because the trial court's award of attorney fees was unreasonable.**

**{¶14}** Our resolution of the Catalanottos' first assignment of error renders their second assignment of error moot and we decline to address it. *See* App.R. 12(A)(1)(c).

### III.

**{¶15}** Having sustained the Catalanottos' first assignment of error in part, we reverse the judgment of the Summit County Court of Common Pleas and remand this matter for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

                                        _____

                                        JULIE A. SCHAFER
                                        FOR THE COURT

CARR, P. J.
WHITMORE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

J. REID YODER and BENJAMIN R. SORBER, Attorneys at Law, for Appellants.

PAUL F. ADAMSON, Attorney at Law, for Appellees.