[Cite as *State v. Allshouse*, 2016-Ohio-5210.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 27901 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| CLAYTON E. ALLSHOUSE | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2012-05-1423 |

DECISION AND JOURNAL ENTRY

Dated: August 3, 2016

MOORE, Judge.

{¶1} Defendant-Appellant Clayton E. Allshouse appeals from the judgments of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} In 2012, Mr. Allshouse was indicted on one count of illegal manufacture of drugs along with a forfeiture specification, one count of illegal assembly or possession of chemicals for the manufacture of drugs along with a forfeiture specification, one count of aggravated possession of drugs, and one count of illegal use or possession of drug paraphernalia. Ultimately, Mr. Allshouse pleaded guilty to the first two counts of the indictment and accompanying specifications and the remaining two counts were dismissed. At sentencing, the trial court merged count 2 into count 1 and sentenced Mr. Allshouse to a mandatory term of 5 years in prison on the illegal manufacture of drugs charge. Mr. Allshouse did not appeal.

**{¶3}** In April 2014, Mr. Allshouse filed a motion to withdraw his plea, which was subsequently denied. Mr. Allshouse did not appeal. In the fall of 2014, Mr. Allshouse filed a motion for public payment of transcript and a motion for "void of sentence[,]" which is not in the record, although his response to the State's memorandum in opposition (which is also not in the record), is in the record. The trial court re-characterized Mr. Allshouse's motion for "void of sentence" as a motion to withdraw his plea and denied it. The trial court also denied his motion for public payment of transcript. Mr. Allshouse did not appeal the trial court's rulings.

**{¶4}** In April 2015, Mr. Allshouse filed a motion for an order directing the police to return unlawfully seized property or to pay him the cost of the destroyed property. The State opposed the motion. Mr. Allshouse filed a motion in June 2015, seeking a ruling on his April 2015 motion. Also in June 2015, Mr. Allshouse filed a motion captioned: "Motion to Withdraw Plea Pursuant to Crim.R. 32.1 or in the alternative; Vacate the Void Ab Initio Sentence and Sentencing Journal Entry, and to Revise/Correct Sentencing Entry to Comply with Crim.R. 32(C)[.]" In that motion, Mr. Allshouse asserted that the State breached the plea agreement by seizing his house and personal property, the prosecutor did not elect which allied offense to pursue against Mr. Allshouse at sentencing, the sentencing entry was not signed by the trial judge, the trial court failed to impose postrelease control at the sentencing hearing and it therefore could not include it in the sentencing entry, and Mr. Allshouse received ineffective assistance of counsel. The trial court construed both motions as motions to withdraw his plea and denied both on the basis of res judicata.

**{¶5}** Mr. Allshouse has appealed, pro se, raising five assignments of error, which will be addressed together.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED BY DENYING [MR. ALLSHOUSE'S] MOTION TO WITHDRAW GUILTY PLEA AND BY FAILING TO CORRECT A MANIFEST INJUSTICE WHERE THE PROSECUTOR BREACHED THE PLEA AGREEMENT AND THAT BREACH WAS PLAIN ERROR THAT THE TRIAL COURT SHOULD HAVE CORRECTED, THEREBY DENYING [MR. ALLSHOUSE] DUE PROCESS OF LAW AS GUARANTEED TO HIM BY BOTH THE UNITED STATES AND OHIO CONSTITUTION.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND IMPUGNED THE INTEGRITY OF THE JUDICIAL PROCESS AND VIOLATED [MR. ALLSHOUSE'S] DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS BY DENYING HIS MOTION TO VACATE VOID SENTENCE WHERE THE IMPOSED SENTENCE WAS UNAUTHORIZED BY STATUTE OF ORC SECTION 2941.25[.]

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED BY FAILING TO DETERMINE WHETHER THE JOURNAL ENTRY OF SENTENCING IS VOID PURSUANT TO CRIM.R. 32(C) BECAUSE THE TRIAL JUDGE DID NOT SIGN THE JOURNAL ENTRY.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED WHEN IT FAILED TO ADDRESS [MR. ALLSHOUSE'S] CLAIM THAT THE 3-YEAR IMPOSED POST-RELEASE CONTROL SANCTION SENTENCE IS VOID WHERE THE TRIAL COURT DID NOT IMPOSE PRC SENTENCE DURING SENTENCING BUT INSTEAD IMPOSED PRC BY WAY OF NUNC PRO TUNC JOURNAL ENTRY[.]

## ASSIGNMENT OF ERROR V

[MR. ALLSHOUSE] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED UNDER THE SIXTH AMENDMENT WHERE COUNSEL FAILED TO PROTECT [MR. ALLSHOUSE'S] RIGHT'S RELATING TO EACH ISSUE RAISED IN THIS BRIEF[.]

**{¶6}** In Mr. Allshouse's five assignments of error, he largely reiterates the arguments he made in the trial court in his "Motion to Withdraw Plea Pursuant to Crim.R. 32.1 or in the alternative; Vacate the Void Ab Initio Sentence and Sentencing Journal Entry, and to Revise/Correct Sentencing Entry to Comply with Crim.R. 32(C)[.]"

**{¶7}** "The doctrine of res judicata 'bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.'" *State v. Boware,* 9th Dist. Summit No. 27446, 2014-Ohio-5779, ¶ 6, quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. "This Court has recognized that a successive motion to withdraw a guilty plea filed pursuant to Crim.R. 32.1 is subject to the doctrine of res judicata." *State v. Kimbro,* 9th Dist. Lorain No. 13CA010506, 2014-Ohio-4869, ¶ 7, citing *State v. Miller*, 9th Dist. Lorain No. 03CA008259, 2003-Ohio-6580, ¶ 9. "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." *Kimbro* at ¶ 7*,* quoting *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7, quoting *State v. Meek*, 9th Dist. Lorain No. 03CA008315, 2004-Ohio-1981, ¶ 9. "An offender may not raise issues in a successive motion to withdraw a guilty plea that could have been raised in the initial motion." *Kimbro* at ¶ 7, citing *Zhao* at ¶ 7-8.

**{¶8}** The September 2012 judgment entry in this case was a final, appealable order pursuant to Crim.R. 32(C). *See State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. Thus, the doctrine of res judicata is applicable to Mr. Allshouse's case. *See Boware* at ¶ 6.

**{¶9}** While it is true that the doctrine of res judicata does not preclude review of a void sentence, *see State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus, Mr. Allshouse has not demonstrated that any portion of his sentence is void. Mr.

Allshouse does not challenge the propriety of the postrelease control notification in the 2012 sentencing entry, which correctly states that he is subject to a mandatory period of 3 years of postrelease control. *See* R.C. 2967.28(B)(2). Instead, he argues that he was never properly informed of postrelease control at the sentencing hearing, and thus, his sentence is void.[1] However, there is no transcript of the sentencing hearing in the record before us. "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has no choice but to presume the validity of the [trial] court's proceedings, and affirm." (Citation omitted.) *State v. Wheeler,* 9th Dist. Medina No. 13CA0051-M, 2016-Ohio-245, ¶ 4; *see also State v. Williamson,* 8th Dist. Cuyahoga No. 99473, 2013-Ohio-3733, ¶ 16. Thus, under these circumstances, we are required to presume regularity. Mr. Allshouse has not demonstrated his sentence was void.

{¶10} As noted above, Mr. Allshouse filed an initial motion to withdraw his plea in 2014. That motion was denied, and Mr. Allshouse did not appeal that ruling. Further, Mr. Allshouse has not demonstrated that he was unable to raise the arguments he now raises in his 2014 motion. *See Kimbro,* 2014-Ohio-4869, at ¶ 8. In light of the foregoing, the trial court did not err in denying Mr. Allshouse's motions based upon the doctrine of res judicata. *See id.*

{¶11} Mr. Allshouse's assignments of error are overruled.

III.

{¶12} The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

---

[1] Mr. Allshouse references the issuance of a nunc pro tunc entry which he alleges imposed postrelease control; however, no such entry appears in the record or on the docket.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

CLAYTON E. ALLSHOUSE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.