[Cite as *State v. Haslage*, 2016-Ohio-7638.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.  15CA010776 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLES HASLAGE | LORAIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.  2008CRB04119 |

DECISION AND JOURNAL ENTRY

Dated: November 7, 2016

MOORE, Presiding Judge.

{¶1} Defendant-Appellant Charles Haslage appeals from the judgment of the Lorain Municipal Court. We affirm.

I.

{¶2} In August 2010, Mr. Haslage pleaded no contest to 5 misdemeanor charges related to his failure to withhold or pay employee withholding tax for certain tax years. The trial court sentenced Mr. Haslage to 180 days in jail with 90 days suspended on the condition of monitored probation time for 5 years. The sentencing entry included a provision with each count stating that a jail sentence would be served if Mr. Haslage failed to pay a specified amount of taxes, penalties, and interest by a specified date. The first date listed in the entries was October 15, 2010.

{¶3} In October 2010, Mr. Haslage filed a motion to stay the imposition of the jail sentence. The trial court granted the motion, noting that Mr. Haslage had entered into a

repayment plan with the City of Lorain Tax Department. The trial court suspended the jail sentence until further review. In 2013, the State filed a sentencing memorandum indicating that, after Mr. Haslage failed to make the required monthly payments under the repayment plan, a lower monthly payment was agreed to by the City of Lorain Tax Department. The State alleged that following that, Mr. Haslage failed to meet the terms of that payment agreement. The State requested that his jail sentence be imposed. Merits hearings were scheduled but continued on multiple occasions.

{¶4} In February 2015, a merits hearing was held. On February 25, 2015, the trial court issued an entry stating that probation was revoked. It further provided that Mr. Haslage was to report to jail on May 1, 2015 for 30 days unless he paid $14,308.57 for the 2006 withholding taxes; he was to report to jail on June 15, 2015 for 30 days unless he paid $14,296.52 for the 2007 withholding taxes; and he was to report to jail on August 1, 2015 for 30 days unless he paid $14,155.51 for the 2008 withholding taxes. Mr. Haslage moved to stay the execution of his sentence, and the trial court granted his motion on the condition that he first post a bond.

{¶5} Mr. Haslage has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT REVOKED [MR.] HASLAGE'S PROBATION AND SENTENCED HIM TO JAIL FOR HIS FAILURE TO PAY RESTITUTION WITHOUT FIRST ESTABLISHING THAT HE WILLFULLY AND INTENTIONALLY FAILED TO PAY AND NO OTHER VIOLATIONS OF HIS PROBATION WERE ASSERTED.

{¶6} Mr. Haslage argues in his sole assignment of error that the trial court erred when it revoked his probation for his failure to pay restitution. He claims that the trial court only

revoked his probation because it was concerned he would not fully pay the restitution by the end of the probation period. He maintains that the trial court's actions violated the Equal Protection Clause because his probation was revoked solely for his nonpayment even though he lacked the ability to pay.

{¶7} Unfortunately, we are unable to fully review the merits of this assignment of error. First, we note that Mr. Haslage failed to include citations to the trial court record in his brief, although he did twice reference the appendix to his brief. *See* App.R. 16(A)(6),(7), App.R. 16(D); App.R. 12(A)(2). Further, and more detrimental to our review, Mr. Haslage has not provided this Court with a transcript of the merits hearing which resulted in the revocation of probation. While it appears that a transcript was unavailable due to problems with the audio recording, Mr. Haslage also failed to have a statement of the evidence admitted into the record in lieu of the transcript. *See* App.R. 9(C).

{¶8} Because review of the transcript, or an appropriate substitute, is necessary to resolve the assignment of error and neither is part of the record on appeal, we are required to presume regularity in the trial court's proceedings and affirm its judgment. *See State v. Allshouse,* 9th Dist. Summit No. 27901, 2016-Ohio-5210, ¶ 9. Mr. Haslage's sole assignment of error is overruled.

III.

{¶9} The judgment of the Lorain Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

GINO PULITO, Attorney at Law, for Appellant.

PATRICK D. RILEY, JEFFREY SZABO, and MALLORY HOLMES, Prosecuting Attorneys for Appellee.