[Cite as *State v. Morse*, 2017-Ohio-9300.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28046 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEPHEN H. MORSE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2013 08 2363 |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2017

HENSAL, Presiding Judge.

{¶1} Defendant-Appellant, Stephen H. Morse, appeals his convictions and sentence from the Summit County Court of Common Pleas. For the reasons set forth below, we affirm in part and dismiss in part.

I.

{¶2} The Summit County Grand Jury indicted Morse on two counts of operating a vehicle under the influence of alcohol or drugs ("OVI") in violation of Revised Code Section 4511.19(A),[1] both fourth-degree felonies, with prior-conviction specifications in violation of Section 2941.1413, and one count of driving under suspension in violation of Section 4510.11, a first-degree misdemeanor. Morse initially pleaded not guilty to the charges and the matter proceeded through the pretrial process.

---

[1] Section 4511.19(A)(1)(a) and Section 4511.19(A)(2), respectively.

{¶3}   Morse subsequently entered into a plea agreement with the State and pleaded guilty to one count of driving under suspension and one count of OVI in violation of Section 4511.19(A)(1)(a) along with the attendant prior-conviction specification.   In return, the State dismissed the second OVI count and its accompanying prior-conviction specification.   The trial court accepted Morse's guilty pleas.

{¶4}   At the sentencing hearing, the trial court sentenced Morse to one year in prison on the OVI count, with 120 days of that sentence being mandatory time, and one year in prison on the prior-conviction specification.   The trial court ordered those sentences to run consecutively for a total of two years in prison, with 120 days being mandatory.   The trial court also sentenced Morse to 180 days in the Summit County Jail on the driving-under-suspension count.   The trial court informed Morse that it would consider him for judicial release after he served six months of his two-year sentence.   The trial court also suspended Morse's driver's license and ordered him to pay costs and fines.

{¶5}   The trial court journalized its sentence on May 27, 2014.   Contrary to the sentence imposed at the sentencing hearing, the sentencing entry ordered Morse to serve one year in prison, "120 days of which is *not a mandatory* term" for the OVI count.   (Emphasis added.) Despite this inconsistency, Morse did not pursue a direct appeal of the trial court's judgment.

{¶6}   Morse began serving his prison sentence on July 11, 2014.   Months later, he filed a pro se motion for judicial release.  Thereafter, Morse's attorney filed a supplemental motion for judicial release.  The trial court ultimately denied Morse's motion for judicial release, noting that Morse "is serving a mandatory term until June 21, 2015."   Morse then filed a pro se "motion to withdraw guilty plea pursuant to Crim.R. 32.1 or in the alternative motion for judicial release pursuant to R.C. 2929.20."   Morse's attorney then filed a second motion for judicial release,

which the trial court granted on September 1, 2015, following a hearing on the matter. On November 16, 2015, the trial court issued a nunc pro tunc entry correcting the May 27, 2014, sentencing entry to reflect that 120 days of the one-year prison sentence on the OVI count was indeed mandatory.

{¶7} Morse filed this timely appeal from the trial court's nunc pro tunc entry and raises seven assignments of error for our review. To facilitate our analysis, we elect to address some of Morse's assignments of error out of order, and together.

II.

### Assignment of Error I

**The trial court committed prejudicial error and denied Morse due process of law by accepting his guilty plea in [case number] CR 2013-08-2363 where the record does not demonstrate that he understood the nature of the charges against him. []**

### Assignment of Error IV

**Mr. Morse was denied judicial release in February 2015 when the trial court unambiguously promised consideration for judicial release after six months in exchange for a guilty plea. This subsequent breach made Morse's guilty plea involuntary, unknowing and unintelligent.**

### Assignment of Error V

**The trial court abused its discretion and committed reversible error when it did not hold a hearing on Morse's motion to withdraw his guilty plea[.] []**

### Assignment of Error VI

**The trial court abused its discretion and committed reversible error when it did not hold a hearing on Morse's Motion to Contest his three prio[r] DUIs out of then Cuyahoga Falls Municipal Court.**

{¶8} In his first, fourth, fifth, and sixth assignments of error, Morse challenges the trial court's acceptance of his guilty plea, denial of judicial release in February 2015, failure to hold a hearing on his motion to withdraw his guilty plea, and its failure to hold a hearing on his motion

to contest his three prior OVI convictions. As explained below, this Court lacks jurisdiction to consider these assignments of error.

{¶9} It is well-settled that an appellate court lacks jurisdiction to consider the merits of an untimely appeal. *State v. Myers*, 9th Dist. Wayne No. 08CA0041, 2009-Ohio-2082, ¶ 7. As it relates to nunc pro tunc entries, this Court has stated that "[t]he general rule is that a nunc pro tunc order does not operate to extend the period within which an appeal may be prosecuted." *State v. Senz*, 9th Dist. Wayne No. 02CA0016, 2002-Ohio-6464, ¶ 19, citing *Perfection Stove Co. v. Scherer*, 120 Ohio St. 445, 448-449 (1929). Exceptions exist, however, "where the nunc pro tunc entry creates additional rights, denies an existing right, or the appeal stems from the nunc pro tunc entry, as distinguished from the original judgment entry." *Id.*, citing *Perfection Stove Co.* at 449.

{¶10} Here, Morse has appealed from the trial court's November 16, 2015, nunc pro tunc entry, which corrected its May 27, 2014, judgment entry to reflect that Morse's OVI sentence included 120 days of mandatory, as opposed to not mandatory, time. The rest of the trial court's judgment entry remained unchanged. This Court, therefore, lacks jurisdiction to consider the issues raised in Morse's first, fourth, fifth, and sixth assignments of error because they do not relate to the correction the trial court made in its nunc pro tunc entry, nor do they relate to issues that are otherwise appealable at any time. We, therefore, dismiss Morse's first, fourth, fifth, and sixth assignments of error for lack of jurisdiction.

### Assignment of Error II

**The trial court sentenced Morse to a sentence that was contrary to what was statutorily required, mandating reversal and a new sentencing hearing.**

{¶11} In his second assignment of error, Morse argues that his sentence is void because the trial court did not sentence him to mandatory time for his prior-conviction specification.

Initially, we note that a criminal defendant may challenge a void sentence at any time. *State v. Dawson*, 9th Dist. Summit No. 26500, 2013-Ohio-1767, ¶ 6. Thus, the fact that this assignment of error does not relate to the correction the trial court made in its nunc pro tunc entry does not affect this Court's jurisdiction to consider this issue.

{¶12} The State concedes that the trial court was required to sentence Morse to a mandatory term of one year for his prior-conviction specification because Morse pleaded guilty to an OVI offense under Section 4511.19(A)(1)(a), and because he has five or more prior OVI convictions within the past 20 years. We agree. *See* R.C. 4511.19(G)(1)(d)(i). The trial court, however, sentenced Morse to a definite term of one year, which is not a mandatory term. The trial court, therefore, erred in this regard. *See State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 2 ("A court only has authority to impose a sentence that conforms to law[.]").

{¶13} The law is clear that "[w]hen a trial court makes an error in sentencing a defendant, the usual procedure is for an appellate court to remand to the trial court for resentencing." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 33. The Ohio Supreme Court, however, has held that "[n]either [its] jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 19; *see State v. Mockbee*, 4th Dist. Scioto No. 14CA3601, 2015-Ohio-3469, ¶ 29 (acknowledging that *Holdcroft* addressed a post-release control issue, but stating that the general rule the Court relied upon was not limited to post-release control); *State v. Metcalf*, 12th Dist. Warren No. CA2015-03-022, 2016-Ohio-4923, ¶ 20 (stating same). This applies even when the underlying sentence is void. *See Holdcroft* at paragraphs two and three of the syllabus.

{¶14} Despite the trial court's error, there is no dispute that Morse received judicial release, and that the trial court subsequently terminated its supervision of him on the basis that he completed the terms of his community control. Morse, therefore, has completed his sentence. *Holdcroft* at ¶ 6, 18 (stating that "incarceration and postrelease control are types of sanctions that may be imposed and combined to form a sentence" and that "a sentence served is a sentence completed."). Thus, while Morse asks this Court to order a new sentencing hearing, the trial court lacks authority to re-sentence him. *Holdcroft* at ¶ 19. Accordingly, Morse's second assignment of error is overruled.

### Assignment of Error III

**The trial court announced a different sentence in its two journal entries than it did during Morse's sentencing hearing violating his right to due process and mandating reversal and a new sentencing hearing. []**

{¶15} In his third assignment of error, Morse asserts that his due-process rights were violated because the trial court's original sentencing entry and subsequent nunc pro tunc entry differ from the sentence pronounced at the sentencing hearing. Morse's assignment of error, however, fails to indicate how the two sentencing entries differ from the pronouncements at the sentencing hearing. Indeed, his argument does not contain a single citation to the record. To the extent that an argument exists in this regard, it is not this Court's duty to root it out. *See Cardone v. Cardone*, 9th Dist. Summit Nos. 18349, 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998), citing App.R. 12(A)(2) and 16(A)(7). Morse's third assignment of error is overruled.

### Assignment of Error VII

**The trial court lacks subject matter jurisdiction because the indictment was not supported by the evidence needed for a charge of felony 4 prior conviction, (5 or more in 20 years).**

**{¶16}** In his seventh assignment of error, Morse asserts that the trial court lacked subject matter jurisdiction because the indictment failed to contain "a plain, concise and definite written statement of the essential facts constituting the events charged[.]" More specifically, Morse asserts that the indictment failed to set forth the precise dates of his prior OVI convictions for purposes of the prior-conviction specification. Initially, we note that while this assignment of error does not relate to the correction the trial court made in its nunc pro tunc entry, a challenge to subject matter jurisdiction "goes to the power of the court to adjudicate the merits of a case, [and] can never be waived and may be challenged at any time." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11.

**{¶17}** Aside from asserting that the indictment failed to comply with Rule 7 of the Federal Rules of Criminal Procedure, which is inapplicable here, Morse has cited no authority in support of his position that the lack of precise dates relative to the prior-conviction specification renders the indictment defective, nor has he cited any authority indicating that such a defect would deprive the trial court of subject matter jurisdiction. Consistent with our precedent, we will not develop an argument on his behalf. *Cardone* at *22. Even if this Court were to take Morse's unsupported assertions as true, his assignment of error would still fail because the alleged deficiencies in the indictment would render the charge voidable, not void, which does not deprive the trial court of subject matter jurisdiction. *State v. Bragwell*, 7th Dist. Mahoning No. 06-MA-140, 2008-Ohio-3406, ¶ 14 ("A defective indictment renders the charge voidable, not void. * * * The error does not deprive the trial court of subject matter jurisdiction[.]").

**{¶18}** Morse's seventh assignment of error is overruled.

III.

{¶19} Morse's second, third, and seventh assignments of error are overruled. Morse's first, fourth, fifth, and sixth assignments of error are dismissed based upon this Court's lack of jurisdiction. The Judgment of the Summit County Court of Common Pleas is affirmed in part, and dismissed in part.

Judgment affirmed in part,
and dismissed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CONCURS.

SCHAFER, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶20} I concur as to the majority's resolution of assignments of error one, three, four, five, and six. However, I respectfully dissent as to the majority's resolution of the second assignment of error. This Court has recognized that a criminal defendant may challenge a void sentence at any time. Accordingly, I would conclude that Mr. Morse does not have a reasonable, legitimate expectation of finality in his sentence when he unambiguously argues on appeal that his sentence was void because the trial court imposed a prison sentence that was contrary to law and then unambiguously requests this Court to reverse and remand for resentencing. Moreover, Mr. Morse acknowledged at oral argument that he understood such an action would not reopen the case below. Therefore, under the specific circumstances of this case, I would sustain Mr. Morse's second assignment of error, reverse the trial court's judgment, and remand for the trial court to impose a valid sentence for the prior conviction specification. *See State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, ¶ 20 (noting that although some courts may find the result inequitable, "[c]lemency is a function of the Executive branch and the courts are without authority to free guilty defendants absent a specific legislative enactment."), quoting *State v. Beasley*, 14 Ohio St.3d 74, 76 (1984); *see also State v. Tackett*, 11th Dist. Ashtabula No. 2012-A-0015, 2013-Ohio-4286, ¶ 15.

APPEARANCES:

STEPHEN H. MORSE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.