[Cite as *State v. Crangle*, 2018-Ohio-2173.]

STATE OF OHIO       )         IN THE COURT OF APPEALS
                  )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                  C.A. No.     28896

     Appellee

     v.                        APPEAL FROM JUDGMENT
                                 ENTERED IN THE
THOMAS CHARLES CRANGLE     COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
     Appellant             CASE No.    CR 2006-12-4299

DECISION AND JOURNAL ENTRY

Dated: June 6, 2018

HENSAL, Judge.

{¶1}    Thomas Charles Crangle appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the matter for further proceedings consistent with this decision.

I.

{¶2}    This case has a lengthy procedural history, some of which this Court has previously summarized as follows:

> On December 14, 2006, Crangle was indicted on one count of rape, a first degree felony in violation of R.C. 2907.02(A)(1)(b), one count of kidnapping, a first degree felony in violation of R.C. 2905.01(A)(3), and gross sexual imposition, a third degree felony in violation of R.C. 2907.05(A)(4). On December 18, 2006, Crangle pled not guilty to these charges.
>
> A supplemental indictment was filed on February 1, 2007, adding a specification to the previously indicted rape charge, charging Crangle as a sexually violent predator as defined in R.C. 2971.01(H), in violation of R.C. 2941.148 [2971.02]. On February 5, 2007, Crangle pled not guilty to the specification. A jury trial was set for February 21, 2007.

\* \* \*

> Prior to trial, Crangle informed the trial court that he wished to change his plea from not guilty to guilty. The parties indicated that Crangle's change of plea was a result of a plea negotiation wherein he would enter a plea of guilty to the rape charge and stipulate that he was a sexual predator. The State agreed to dismiss the charges of kidnapping and gross sexual imposition, and to dismiss the sexually violent predator specification. The trial court then sentenced Crangle to life imprisonment with parole eligibility after ten years.

*State v. Crangle*, 9th Dist. Summit No. 24033, 2008-Ohio-5703, ¶ 2-5.

**{¶3}** Mr. Crangle filed a delayed appeal with this Court, arguing that his trial counsel provided ineffective assistance by allowing him to plead guilty rather than no contest to the rape charge. *Id.* at ¶ 6-7. This Court rejected Mr. Crangle's argument and affirmed the trial court's decision. *Id.* at ¶ 13.

**{¶4}** "Two years later, Mr. Crangle moved to withdraw his plea, arguing that the trial court failed to tell him about post-release control before accepting his plea." *State v. Crangle*, 9th Dist. Summit No. 25735, 2011-Ohio-5776, ¶ 1 ("*Crangle II*"). "Because the court failed to impose post-release control in its sentence, Mr. Crangle also moved for a corrected sentence." *Id.* After a hearing, the trial court corrected the post-release control error via a nunc pro tunc entry, and denied his motion to withdraw his guilty plea. *Id.* Mr. Crangle then appealed the trial court's denial of his motion to withdraw his guilty plea. *Id.* This Court affirmed the trial court's decision on the basis that the trial court lacked authority to consider Mr. Crangle's motion. *Id.* at ¶ 1, 12. In doing so, this Court held that "[a] trial court does not have authority to consider a motion to withdraw a defendant's guilty plea after the court of appeals has affirmed his conviction and sentence." *Id.* at ¶ 12.

**{¶5}** In 2017, Mr. Crangle filed a "Motion To Correct Statutorily Invalid Sentence" wherein he argued that his sentence was void ab initio because the trial court did not sentence him according to the applicable statutes. Relatedly, about a week later, Mr. Crangle filed a

motion to withdraw his guilty plea, arguing that his trial counsel provided ineffective assistance when his counsel allowed him to agree to an unlawful sentence. The trial court denied both motions. Mr. Crangle then filed a notice of appeal relative to the trial court's denial of his motion to withdraw his guilty plea. He did not file a notice of appeal relative to the trial court's denial of his "Motion To Correct Statutorily Invalid Sentence[,]" nor did he amend his notice of appeal to include it. Mr. Crangle now raises four assignments of error for this Court's review. For ease of consideration, we have combined Mr. Crangle's second and third assignments of error.

## II.

## ASSIGNMENT OF ERROR I

CRANGLE'S SENTENCE OF LIFE IMPRISONMENT WITH THE POSSIBILITY OF PAROLE AFTER TEN YEARS IS NOT AUTHORIZED BY STATUTE AND VOID. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶6} In his first assignment of error, Mr. Crangle argues that the trial court erred by imposing an unlawful sentence. This assignment of error relates to the trial court's denial of Mr. Crangle's "Motion To Correct Statutorily Invalid Sentence[,]" from which he has not appealed. As this Court has stated, "[a]n appellate court 'is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal.'" *State v. Dixon*, 9th Dist. Summit No. 21463, 2004-Ohio-1593, ¶ 7, quoting *Slone v. Bd. of Embalmers & Funeral Dirs. of Ohio*, 123 Ohio App.3d 545, 548 (8th Dist.1997). Mr. Crangle's first assignment of error is, therefore, overruled. To the extent that the arguments made in Mr. Crangle's first assignment of error are also raised in his other assignments of error that relate to the denial of his motion to

withdraw his guilty plea – the order from which he has appealed – they will be addressed accordingly.

ASSIGNMENT OF ERROR II

CRANGLE'S GUILTY PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CRIMINAL RULE 11(C).

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING CRANGLE'S MOTIONS TO RESENTENCE AND TO WITHDRAW GUILTY PLEA WITHOUT A HEARING.

{¶7} In his second assignment of error, Mr. Crangle argues that he did not knowingly, intelligently, and voluntarily plead guilty because he was unaware that his sentence was contrary to law. He, therefore, argues that this Court should "set aside" his guilty plea. Relatedly, in his third assignment of error, Mr. Crangle argues that the trial court erred by denying his motion to withdraw his guilty plea, and by doing so without first holding a hearing. He also argues that the trial court erred by denying his "Motion To Correct Statutorily Invalid Sentence[.]" As previously noted, however, this Court lacks jurisdiction to consider that argument. *Dixon* at ¶ 7. Our analysis, therefore, will focus on the trial court's denial of Mr. Crangle's motion to withdraw his guilty plea.

{¶8} In his motion to withdraw his guilty plea, Mr. Crangle argued, in part, that the relevant statutes required the trial court to impose either a term of life imprisonment without the possibility of parole, or an indefinite prison term of 15 years to life. Because the trial court sentenced him to a term of life imprisonment with the possibility of parole after ten years, he argued that his sentence was void, and that the trial court was required to permit him to withdraw his guilty plea. The trial court denied Mr. Crangle's motion on the basis that it lacked

jurisdiction to consider it, and that – even if it did have jurisdiction – res judicata barred his argument because he could have raised it in his previous motion to withdraw his guilty plea.

{¶9}   While a trial court generally "does not have authority to consider a motion to withdraw a defendant's guilty plea after the court of appeals has affirmed his conviction and sentence[,]" a court "always has jurisdiction to correct a void judgment." *Crangle II* at ¶ 12; *State v. Bell*, 1st Dist. Hamilton No. C-150391, 2016-Ohio-4630, ¶ 12, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 18-19; *but see State v. Morse*, 9th Dist. Summit No. 28046, 2017-Ohio-9300, ¶ 13-14, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 19 (holding that a trial court lacks authority to correct a void sentence and re-sentence a defendant after the defendant has completed his sentence, including the terms of his community control). And although "[t]his Court has recognized that a successive motion to withdraw a guilty plea filed pursuant to Crim.R. 32.1 is subject to the doctrine of res judicata[,]" "res judicata does not preclude review of a void sentence[.]" *State v. Allshouse*, 9th Dist. Summit No. 27901, 2016-Ohio-5210, ¶ 7, quoting *State v. Kimbro*, 9th Dist. Lorain No. 13CA010506, 2014-Ohio-4869, ¶ 7; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus. Thus, despite its holding to the contrary, the trial court had the authority to consider Mr. Crangle's motion to withdraw his guilty plea to the extent that it was based upon Mr. Crangle's argument that his sentence was contrary to law and, therefore, void. "Due to our role as a reviewing court, we cannot make a determination regarding the merits of [Mr. Crangle's] argument in the first instance." *Catalanotto v. Byrd*, 9th Dist. Summit No. 27824, 2016-Ohio-2815, ¶ 12. We, therefore, must remand the matter for the trial court to consider the lawfulness of Mr. Crangle's sentence in the first instance. *Id.* Mr. Crangle's second and third assignments of error are sustained on that basis.

ASSIGNMENT OF ERROR IV

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF CRANGLE'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 5, 10, AND 16 OF THE OHIO CONSTITUTION.

{¶10} In his fourth assignment of error, Mr. Crangle argues that his trial counsel provided ineffective assistance because his counsel allowed him to agree to an unlawful sentence. Given this Court's disposition of Mr. Crangle's second and third assignments of error, we decline to address his fourth assignment of error as it is premature.

III.

{¶11} Mr. Crangle's first assignment of error is overruled. Mr. Crangle's second and third assignments of error are sustained. We decline to address Mr. Crangle's fourth assignment of error on the basis that it is premature. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

THOMAS CHARLES CRANGLE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.