Smith, J.
This is a proceeding in error, brought for the purpose of reversing an order of the superior court, dissolving a preliminary injunction which had been allowed by one of the judges-thereof at the commencement of the action. The facts in the-case, as they appear of record, are these :
*378 The petition in the case averred that the plaintiffs, being the owners of certain furniture and household goods, on November 23, 1892, executed and delivered to defendant Hall, a chattel mortgage on the same in the name of Harris, a mortgagee, for an alleged consideration of $82.56. That it was executed under duress, and by reason of threats made by Hall and Rothschild, that they would take said property from them on another mortgage before that time executed by them to Rothschild, which they claim had been fully paid, but which he refused to release. That since then they have paid $67.50 -on the new mortgage, and defendants demand further payments, and threaten to take said property and foreclose the mortgage thereon and deprive them of the use thereof (without which, it is averred, they can not live), unless plaintiffs continue to pay. They say that they are poor and can not give a bond for the releasing of the property if it should be taken from them, and are without adequate remedy at law. That the mortgage was without consideration, and was obtained by duress and fraud, and the prayer is that it be declared void, and the defendants, enjoined from attempting in any way to enforce it, or from interfering with the possession of the property of the plaintiffs, and for all other and proper relief.
On this petition, one of the judges of the superior court, on the evening of November 9, 1893, ordered that a temporary restraining order issue on the giving of a bond by plaintiffs in the sum of $50, and as appears by the agreed statement of facts, Hall was notified of this action the same evening at six o’clock. It further appears that the petition was filed at a quarter before 8 o’clock A. M., November 10, bond given and summons for defendants issued. The l’eturn made by the sheriff on the summons shows that Rothschild was served therewith at 9:50 A. M., Hall at 12:30 P. M., and Lawton, 12:19 P. M., the same day. The agreed statement also shows that he, Pial], was served at 12:30 P. M., and that he filed his suit in replevin before MeGranahan, J. P., about 10 A. M., *379 to recover possesssion of the goods referred to in the petition. And that, summons was served on plaintiffs in that action about 11 o’clock A. M. of said day.
On the eleventh of November, a motion was filed to set aside this restraining order, on the grounds that the petition was not sufficient in law; that the allegations of the petition were not true, and that the property in question was in the hands of the constable under the replevin proceedings before McGranahan before the writ in this case was served upon Hall. This motion was heard by the court November 22, and sustained, and the injunction dissolved, and plaintiffs excepted, and a bill of exceptions was allowed, which shows that it was heard on the petition and the agreed statement of facts, the substance of which has been given. On the showing thus made, was the injunction properly dissolved ?
If the allegations of the petition are true, we are of the opinion that the plaintiffs are entitled to the relief claimed. It is distinctly averred that the second mortgage was entirely without consideration; that the amount it was given to secure was not, in fact, due; that the mortgage was procured by threats, and was executed under duress. If this be so, it affords ground of equitable relief. The plaintiffs were entitled to have it declared as satisfied, and delivered up, and to an injunction against its prosecution. See 2 Story’s Eq. 704 and 705; Holcomb’s Eq. 120-1; Smith’s Manual of Eq. 396.
The bill of exceptions, as has been stated, says the motion to dissolve was heard on the petition and agreed statement of facts. Though there was an answer on file denying the allegations of the petition, it does not seem that on the hearing any question was made to the truth of the facts averred in the petition, as no reference whatever was made to the answer. But the defendant stood on the other grounds, alleging, viz., that the petition did not state a good cause of action, and that, as the replevin suit was commenced before the justice, and service of summons was made on the defendants in such case *380 (the plaintiffs herein) before Hall was served with a summons in this case, that the justice of the peace first acquired jurisdiction of the parties and subject-matter, and that this action should terminate, and the injunction be dissolved, as the whole controversy could be there determined.
It must be conceded that when a court having jurisdiction of the subject-matter obtains jurisdiction of the parties, before another suit between the same parties, and for the same cause of action is commenced, that it is entitled to proceed and determine the controversy in preference to the court having jurisdiction of the action last commenced. If, therefore, this action in the superior court was in such a shape as gave that court jurisdiction of the parties, the subsequent commencement of the replevin case could not affect it in any way. This depends in part upon the construction to be given to sections 4987 and 4988, of the Revised Statutes. Section 4987 provides that an action shall be deemed commenced as to each defendant at the date of the summons which is served on him or on a co-defendant, who is a joint contractor or otherwise united in interest with him. In this case it is conceded that the petition was filed in the superior court at 8:30 A. M., on November 10th. It was served on Rothschild at 9:50 A. M., which was before the commencement of the replevin case ; and under this section we think Hall, who was served at 12:30, was also bound and before the court as of that date as a defendant, who, under the allegations of the petition was united in interest with Rothschild. But if there be doubt as to this, we think the same result is reached under the provisions of the next section. It provides that an attempt to commence an action shall be deemed equivalent to the commencement thereof, when the party diligently endeavors to procure a service, and service is made within sixty days. Here the service was made within four hours, and the action of the plaintiff, or his right to the relief sought, can not be defeated by the bringing by,defendant of a different action in another court after this was commenced. That this is the proper con *381 struction of our statute and the doctrine also of the common law, see the decision of Judge Stoker, and the authorities cited by him, 3 Weekly Law Gazette, 33, and the decision of Judge Gholson, 2 Disney, 336.
Wilby & Wald, N. Wright and W. O. Mussey, for plaintiffs in error.
Wm. E. Bundy, contra.
We are further of the opinion that the order of injunction which was indorsed on the petition before it was filed, had no operation until it was filed and the bond given. It spoke from that time, and the court erred in dissolving the provisional or temporary injunction on the evidence submitted.
Such order will, therefore, be reversed.