### HOME OWNERS' LOAN CORP v ROTH et

Ohio Appeals, 9th Dist, Lorain Co

No 821.   Decided May 17, 1937

James   White   Shocknessy,   Cincinnati, and J. J. Smythe, Amherst, for appellee. Meyer Gordon, Lorain, for appellants.

### OPINION

By WASHBURN, J.

The case is before this court on an appeal on a question of law in reference to a conflict of jurisdiction between courts of concurrent jurisdiction.

The Common Pleas Court, in an action to foreclose a mortgage after the mortgagor had died and an executor of the estate had been appointed, held that it had jurisdiction, no petition to sell the mortgaged premises to pay debts having been filed in Probate Court by the executor at the time the petition to foreclose was filed and summons was issued thereon in the Common Pleas Court.

Did the court err in so holding?

The general rule is that, as between courts of concurrent and coextensive jur-

isdiction, the one whose power is first invoked by the institution of proper proceedings acquires the right to adjudicate upon the whole issue, and to settle the rights of the parties to the exclusion of all other tribunals.

By the mere·probating of a will and the appointment of an executor, jurisdiction of the Probate Court over the sale of the real estate of the decedent is not acquired. Such jurisdiction is not acquired until the executor has filed a petition in that court to sell real estate to pay debts, and the interested parties have entered their appearance therein, or process has been issued upon said petition which is later served according to law.

**Secs 10501-53, paragraph 8, and 11230, GC.**

The Common Pleas Court acquires jurisdiction of an action to foreclose a mortgage when a petition is filed therein and process is issued thereon, if service of such process is later made according to law.

In this case, the mortgagee filed a petition in the Common Pleas Court on the 7th day of April, 1936, and process was duly issued on said petition on the same day, and that process was thereafter served within the time provided by law; and we hold that the Common Pleas Court thereby acquired jurisdiction over that action from and after the 7th day of April, and that such jurisdiction was not ousted by the filing of a petition in the Probate Court by the executor to sell the same real estate to pay debts, which latter petition was filed on the 8th day of April, 1936, at which time all of the heirs entered their appearance and·consented to the sale.

Spinning and Brown v The Ohio Life Ins. & Trust Co., 2 Disney 336.

**Totten v Lawton et, 4 O.C.D. 518.**

There is no bill of exceptions, and we find that the Common Pleas Court has power and jurisdiction to afford the parties as full and complete relief as has the Probate Court. · The Common Pleas Court having first acquired jurisdiction, had a right to retain the same.

Judgment affirmed.

STEVENS, PJ, and DOYLE, J, concur in judgment.