[Cite as *Robertson v. Lorain Cty. Bd. of Mental Health, Addiction & Recovery Servs.*, 2025-Ohio-224.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

LILLIAN ROBERTSON

    Appellant

    v.

MENTAL HEALTH, ADDICTION, AND
RECOVERY SERVICES BOARD OF
LORAIN COUNTY

    Appellee

C.A. No.    23CA012037


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23CV208609

DECISION AND JOURNAL ENTRY

Dated: January 27, 2025

---

HENSAL, Judge.

{¶1} Lillian Robertson appeals an order of the Lorain County Court of Common Pleas that dismissed her administrative appeal. This Court reverses.

I.

{¶2} Ms. Robertson received a housing assistance subsidy through the Shelter Care Plus program that was administered by New Sunrise Properties ("New Sunrise") in Lorain, Ohio. As the renewal date for her subsidy approached in the late summer and early fall of 2022, the Shelter Care Plus Manager at New Sunrise sent Ms. Robertson a series of letters attempting to schedule an annual review meeting and obtain the documents needed to verify her eligibility. Ms. Robertson did not respond, and on September 30, 2022, the manager sent her a final letter informing her that her subsidy would expire on October 31, 2022. Consequently, the letter informed her that if she did not cooperate with the recertification process, her subsidy would terminate as of November 1,

2022, and she would be responsible for the market rate of rent for her apartment. Ms. Robertson did not respond. On October 26, 2022, New Sunrise sent Ms. Robertson a "Notice of Lease Termination" that reiterated these deadlines and provided her with an opportunity to comply. Ms. Robertson did not do so.

{¶3} On February 24, 2023, an attorney representing Ms. Robertson sent a letter that purported to be a reasonable accommodation request to the Mental Health, Addiction and Recovery Services Board of Lorain County ("the Board"). In that letter, Ms. Robertson's attorney acknowledged that New Sunrise had provided notice that her subsidy was expiring. The attorney also represented that Ms. Robertson's subsidy had since been terminated and that eviction proceedings had been instituted for nonpayment of rent. As a reasonable accommodation to Ms. Robertson's disability, her attorney requested that the Board reinstate her subsidy, that New Sunrise dismiss the eviction action, and that "in consultation with her medical provider[,]" Ms. Robertson's medications should be adjusted. On March 9, 2023, an attorney representing the Board responded. That response summarized the attempts that had been made to secure Ms. Robertson's compliance then concluded:

> This is not a request for a reasonable accommodation for Ms. Robertson. This is a request that she be permitted to complete a program recertification process in March 2023, which was supposed to be completed in October of 2022, and for which she had received three notices in the previous four month [*sic*]. It has always been Ms. Robertson's responsibility to supply her income and expense information as part of this process. No one is able to do that for her. She failed to do so, despite ample notice. [The Board] is a governmental agency with budgetary timelines and constraints. Information from those requesting monetary assistance through its programs must come in a timely manner, since so many requests for assistance come before the Board. Ms. Robertson did not adhere to her responsibilities for recertification, and therefore her subsidy has expired. The Board considers this matter closed.

Ms. Robertson filed a notice of appeal under Revised Code Chapter 2506 from that letter in the Lorain County Court of Common Pleas.

{¶4} The Board moved to dismiss the administrative appeal, arguing that the letter from the Board's counsel was not an act of the Board that could be appealed under Revised Code Section 2506.01(A) or, in the alternative, that the letter represented a legislative act of an administrative body. Ms. Robertson opposed the motion to dismiss, arguing that the Board's letter was, instead, an administrative decision to deny her a reasonable accommodation. In its reply brief, the Board maintained for the first time that the only decision that could have been the subject of an administrative appeal was the October 26, 2022, Notice of Lease Termination sent by New Sunrise. Consequently, according to the Board, Ms. Robertson's appeal was an untimely attempt to challenge that decision.

{¶5} Ms. Robertson moved for leave to file a sur-reply and for an evidentiary hearing to address the arguments made in the Board's reply brief, but on September 5, 2023, the trial court granted the Board's motion to dismiss before ruling on her motions. In doing so, the trial court adopted the rationale advocated by the Board:

> Ms. Robertson . . . acknowledges that it was New Sunrise Properties that terminated her subsidy based on her failure to recertify. . . . Ms. Robertson's subsidy expired on October 31, 2022, and that is when her time to appeal began to run. Even if [the Board] had the final decision to terminate Ms. Robertson's subsidy, her time for appeal began to run when her subsidy expired, not when Ms. Robertson attempted to ask for a reasonable accommodation several months after her appeal time ran.

Ms. Robertson appealed, assigning three errors.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING MS. ROBERTSON'S APPEAL WAS UNTIMELY AND THEREFORE THAT THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION.

**{¶6}** Ms. Robertson's first assignment of error argues that the trial court erred by granting the Board's motion to dismiss because the Notice of Termination of Lease was not sent by the Board, but by New Sunrise. This Court agrees in part.

**{¶7}** As an initial matter, this Court notes that the trial court dismissed Ms. Robertson's administrative appeal based upon an argument that the Board made for the first time in its reply brief. New arguments cannot be made in a reply brief. *See Bank of America, N.A. v. Edwards*, 2017-Ohio-4343, ¶ 20 (9th Dist.), quoting *Smith v. Ray Esser & Sons, Inc.*, 2011-Ohio-1529, ¶ 15 (9th Dist.). In this case, however, the new argument made by the Board in its reply in support of its motion to dismiss raised a jurisdictional question. *See Homeless Charity v. Akron*, 2019-Ohio-5330, ¶ 7 (9th Dist.). This question could have been raised by the trial court sua sponte. *See NVR, Inc. v. Centerville*, 2016-Ohio-6960, ¶ 19-28 (2d Dist.). *See also State v. Morse*, 2017-Ohio-9300, ¶ 9-10 (9th Dist.). Nonetheless, this Court agrees that the trial court erred.

**{¶8}** Section 2506.01 explains that "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division *of any political subdivision of the state* may be reviewed by the court of common pleas . . . ." (Emphasis added.) *See also MacDonald v. Shaker Hts. Bd. of Income Tax Rev.*, 2015-Ohio-3290, ¶ 12. The plain language of Section 2506.01(A) applies only to political subdivisions. *Biser v. Ohio Dept. of Health*, 2020-Ohio-6836, ¶ 18 (7th Dist.). *See also Crane v. Ohio Adult Parole Auth.*, 2023-Ohio-3031, ¶ 24-25 (defining "political subdivision" for purposes of Section 2506.01(A)). In addition, the "final order, adjudication, or decision" must have resulted from a quasi-judicial proceeding: one "that requires notice, a hearing, and the opportunity to introduce evidence." *Harmon v. Cincinnati*, 2024-Ohio-2889, ¶ 18.

{¶9} The trial court concluded that Ms. Robertson's administrative appeal was untimely because she should have appealed from the October 26, 2022, Notice of Lease Termination. In making that determination, however, the trial court did not consider whether the October 26, 2022, notice was a "final order, adjudication, or decision" made by an "officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state . . . ." R.C. 2506.01(A). Because the Board first made its timeliness argument in its reply brief – and Ms. Robertson's surreply was not allowed before the trial court dismissed the appeal – this issue cannot be determined based on the appellate record. More fundamentally, however, the trial court's error "puts this Court in the position of having to decide the merits of [this question] in the first instance, which this Court will not do." *Brock v. Cobblestone Park Dev. Group, LLC*, 2024-Ohio-2949, ¶ 22 (9th Dist.); *In re Adoption of M.E.W.*, 2024-Ohio-234, ¶ 9-10 (9th Dist.). "While our review is de novo, this Court is a reviewing court; 'we cannot make a determination regarding the merits of an argument in the first instance.'" *Brock* at ¶ 22, quoting *Catalanotto v. Byrd*, 2016-Ohio-2815, ¶ 12 (9th Dist.). Ms. Robertson's first assignment of error is sustained on this basis.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT MS. ROBERTSON'S APPEAL WAS UNTIMELY BECAUSE MS. ROBERTSON WAS NOT AFFORDED DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO FIND THAT MS. ROBERTSON WAS ENTITLED TO A REASONABLE ACCOMMODATION PURSUANT TO SECTION 504 OF THE REHABILITATION ACT, THE ADA, THE FAIR HOUSING ACT AND R.C. 4112.02(H), ET SEQ.

{¶10} In light of this Court's resolution of Ms. Robertson's first assignment of error, her second and third assignments of error are premature.

III.

**{¶11}** Ms. Robertson's first assignment of error is sustained. Her second and third assignments of error are premature. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

KAREN P. WU and MARIA A. SMITH, Attorneys at Law, for Appellant.

TONY CILLO, Prosecuting Attorney, and DANIEL F. PETTICORD and LEIGH S. PRUGH, Assistant Prosecuting Attorneys, for Appellee.