**[Cite as *Kacyon v. Moore*, 2025-Ohio-5030.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| JOSEPH A. KACYON, ADMINISTRATOR | C.A. No.      31544 |
|---|---|
|      Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.      2025 CV 00041 |
| WALTER R. MOORE, et al. | |
|      Appellees | |

DECISION AND JOURNAL ENTRY

Dated: November 5, 2025

---

STEVENSON, Judge.

{¶1} Appellant Joseph A. Kacyon, Administrator of the Estate of Walter R. Moore, III ("Kacyon") appeals the judgment of the Summit County Probate Court dismissing his land sale action for lack of subject matter jurisdiction, alleging that the jurisdictional priority rule grants exclusive jurisdiction to the Probate Court over the sale of the property at issue. For the reasons set forth below, we reverse and remand.

I.

{¶2} The decedent in this case, Walter Moore, III ("Decedent"), passed away on December 1, 2024. He owned property located at 3861 Orchard Street, Mogadore, Ohio, 44260 (the "Property") that was encumbered by a mortgage held by Appellee CrossCountry Mortgage, LLC ("CCM"). Prior to being aware of Decedent's death, CCM brought a foreclosure action pertaining to the Property in the Summit County Court of Common Pleas on January 27, 2025, in

Case No. CV-2025-01-0355. The only defendants named in the action at the time were the Decedent and his unknown spouse.

{¶3} Decedent's estate was opened on February 28, 2025, in the Summit County Probate Court in Case No. 2025-ES00191. On March 28, 2025, Kacyon filed a land sale action pertaining to the Property in the Summit County Probate Court in Case No. 2025 CV 00041 naming the Decedent's two children, CCM, and the Summit County Fiscal Office as defendants. All four defendants were duly served in the land sale action as of April 8, 2025.

{¶4} After two failures of service and being made aware of Decedent's death, CCM dismissed the claims against the Decedent in the foreclosure case, leaving Decedent's unknown spouse as the only remaining defendant. With leave of court, CCM amended its complaint on April 23, 2025, naming Decedent's two surviving children and his unknown heirs as defendants. According to Kacyon, CCM had not effectuated service on any of the named defendants as of the date Kacyon filed the instant appeal. CCM does not contest that assertion.

{¶5} CCM moved to dismiss the land sale action for lack of subject matter jurisdiction, claiming that the Common Pleas Court had exclusive jurisdiction over the disposition of the Property because the foreclosure action was filed first in time. Kacyon opposed the motion, arguing that the Probate Court had exclusive jurisdiction because the jurisdictional priority is determined not by which action is filed first, but by which action perfects service first.

{¶6} The trial court granted CCM's motion dismiss, reasoning that the Common Pleas Court had priority because the foreclosure action was filed first. In reaching its decision, the trial court relied on this Court's holding in *Home Owners' Loan Corp. v. Roth*, 24 Ohio Law Abs. 693, 694 (9th Dist. 1937), which states:

> Such Jurisdiction is not acquired until the executor has filed a petition in that court
> to sell real estate to pay debts, and the interested parties have entered their

appearance therein, or process has been issued upon said petition which if later served according to law.

. . .

The Common Pleas Court acquires jurisdiction of an action to foreclose a mortgage when a petition is filed therein and process is issued thereon, if service of such process is later made according to law.

{¶7} Kacyon timely appealed, asserting two assignments of error for our review. Kacyon's assignments of error will be addressed in a consolidated fashion as they contain the same arguments. Under his second assignment of error, Kacyon incorporated by reference the arguments set forth in his first assignment of error.

II.

**ASSIGNMENT OF ERROR NO. 1:**

**THE TRIAL COURT ERRED BY APPLYING CIV.R. 3(A) TO DISMISS A PROPERLY COMMENCED LAND SALE ACTION.**

**ASSIGNMENT OF ERROR NO. 2:**

**THE TRIAL COURT ERRED BY FAILING TO PROPERLY APPLY THE JURISDICTIONAL PRIORITY RULE IN DISMISSING THE LAND SALE ACTION.**

{¶8} The issue of subject matter jurisdiction is a question of law that we review de novo. *Falah v. Falah*, 2017-Ohio-1087, ¶ 8 (9th Dist.); *In re R.G.,* 2021-Ohio-93, ¶ 13 (9th Dist.). Under this standard, appellate courts do not give deference to the trial court's determination and independently examine the record. *Li v. Du*, 2022-Ohio-917, ¶ 7 (9th Dist.).

{¶9} The jurisdictional priority rule states that "'between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceeding[s] acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *Davis v. Dalton*, 1999 WL 548960, *5 (9th Dist. July 28, 1999) quoting *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279 (1977), syllabus. The parties agree that

both the Probate Court and the Common Pleas Court have concurrent jurisdiction over the sale of the Property to pay Decedent's debts.

{¶10} Kacyon advances two arguments on appeal. First, he maintains that the jurisdictional priority rule grants exclusive jurisdiction to the court in which an action was first filed *and* service of process is first completed. Second, he maintains that the trial court's reference to Civ.R. 3 for the proposition that CCM has one year to perfect service in the foreclosure action before the Probate Court can exercise jurisdiction modifies the jurisdictional priority rule and renders it meaningless. Civ.R. 3(A) provides in pertinent part that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.] . . ."

{¶11} In support of his first argument, Kacyon challenges the trial court's reliance on *Home Owners' Loan Corp.*, 24 Ohio Law Abs. 693 (9th Dist. 1937) as improper. Kacyon contends that *Home Owners' Loan Corp.* has been overruled by the Ohio Supreme Court and other appellate courts in a host of later decisions holding that in cases of concurrent jurisdiction, priority of jurisdiction is given to the court where service of process is first successfully accomplished, not to the court where the action is simply filed first. *See, e.g., Miller v. Court of Common Pleas of Cuyahoga Cty.*, 143 Ohio St. 68, 70 (1944); *State ex. rel. Largent v. Fisher*, 43 Ohio St.3d 160, 161 (1989); *State ex rel. Balson v. Harnishfeger*, 55 Ohio St.2d 38, 39 (1978); *Gehelo v. Gehelo*, 160 Ohio St. 243, 244-245 (1953); *Triton Servs. v. Reed*, 2016-Ohio-7838, ¶ 9 (12th Dist.); *State ex rel. Consortium for Economic & Community Dev. For Hough Ward 7 v. McMonagle*, 2016-Ohio-4704, ¶ 15 (8th Dist.); *Swearingen v. Swearingen*, 2005-Ohio-6809, ¶ 15 (10th Dist.). Notably, this Court also adopted that view in *Davis* at *5.

{¶12} Conversely, CCM argues that the trial court's decision should be upheld because Kacyon's position requires that both subject matter jurisdiction and personal jurisdiction are necessary to establish priority, making the jurisdictional priority rule unworkable. CCM also maintains that Kacyon's position would force courts of concurrent jurisdiction to take judicial notice of outside proceedings and unadjudicated facts. CCM further argues that the 2008 amendment to the lis pendens statute, R.C. 2703.26, established that the filing of the complaint was sufficient to charge third parties with notice of the pendency of an action as against a plaintiff's title.

{¶13} Upon an independent examination of the record and the applicable law, we agree with Kacyon that the Ohio Supreme Court's holdings in *Miller*, *Gehelo*, *State ex. rel. Largent,* and *State ex rel. Balson,* which this Court and other appellate courts have subsequently followed, effectively overturns our decision in *Home Owners' Loan Corp*. and now controls our analysis. As explained above, those cases stand for the proposition that priority of jurisdiction is not based on which lawsuit was filed first, but instead, priority is given to the court where service of process is first successfully accomplished.

{¶14} In our *Davis* case, as between the probate and foreclosure cases, service was first completed in the probate case. *Davis*, 1999 WL 548960, at *5 (9th Dist.). In overruling appellant's contention that the probate court lacked subject matter as between the two courts, we stated the following:

Additionally, the Supreme Court of Ohio has held:

[E]xclusive jurisdiction vests in that court first acquiring not just subject-matter jurisdiction, but also *in personam* jurisdiction [. . . ].

[. . .]

*Service of process is thus made a condition precedent to vesting of jurisdiction in determining which of two courts has the exclusive right to adjudicate the whole case.*

(Citation omitted.) *State ex rel. Balson v. Harnishfeger* [], 55 Ohio St.2d 38, 39-40, [] [(1978)]. Comparison of the record in the instant case to the docket sheet of the foreclosure action reveals that, although service of process was completed in both cases in 1996, service was first completed in the probate case by several months. Therefore, the probate court was vested with jurisdiction to proceed. . . .

(Emphasis added.) *Id*.

{¶15} In this case, there is no dispute that service was first accomplished in the Probate Court case. The proper application of the jurisdictional priority rule means that the Probate Court had exclusive jurisdiction over the disposition of the Property because Kacyon was first in time to achieve service. Accordingly, we conclude that the Summit County Probate Court erred in granting CCM's motion to dismiss for lack of jurisdiction. Based on this conclusion, we need not consider Kacyon's additional argument that the trial court's reliance on Civ.R. 3(A) modified the jurisdictional priority rule.

{¶16} CCM invites us to determine the effect of the 2008 amendment to the lis pendens statute on the jurisdictional priority rule. CCM made the same argument in the trial court below; however, the trial court did not rule on the issue. As we are a reviewing court only as to matters determined below, we will not rule on that issue in the first instance. *Kaplack v. Medina City School Dist. Bd. of Edn.*, 2025-Ohio-221, ¶ 43-44 (9th Dist.), citing *McCormick v. McCormick*, 2022-Ohio-3543, ¶ 10 (9th Dist.).

III.

{¶17} Kacyon's assignments of error are sustained. The judgment of the Summit County Probate Court is reversed and remanded for further proceedings.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
SCOT STEVENSON
FOR THE COURT

HENSAL, J.
CONCURRING IN JUDGMENT ONLY.

{¶18} The jurisdictional priority rule operates "where the claims or causes of action are the same in both cases . . . ." *McCloud v. Payne*, 2023-Ohio-4850, ¶ 16 (9th Dist.). Thus, the starting point for a court evaluating concurrent jurisdiction is to determine whether both cases involve the same claims or causes of action or, at the very least, whether a ruling of the court in one case will interfere with the resolution of the court in the other case. *Id*. at ¶ 18-21.

{¶19} Although CCM alleged in its motion to dismiss that a foreclosure action had been filed against the property before the estate was filed and that the common pleas court had jurisdiction over the property, it did not provide any explanation of how a sale by the estate would interfere with its foreclosure action. To the contrary, CCM argued in its reply that, under Revised Code Section 2703.26, once its complaint was filed, "no interest c[ould] be acquired by third persons in the subject action, as against [its] title."

{¶20} In its judgment entry, the probate court did not address whether Mr. Kacyon's land sale action involved the same cause as the foreclosure action or whether a ruling by it would interfere with the other action. Accordingly, its analysis of whether the common pleas court had jurisdictional priority was incomplete. The court should have denied the motion because CCM failed to establish in its motion that the two cases involved the same questions.

{¶21} I also note that, in its motion, CCM asked the probate court to dismiss the action "pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction." Concurrent jurisdiction issues do not involve the "lack of subject matter jurisdiction" by a court. Instead, concurrent jurisdiction disputes necessarily require multiple courts to have subject matter jurisdiction over an issue.[1] If two cases involve the same issue, the second court lacks jurisdiction "by operation of the rule" not because of the subject matter. *State ex rel. Consortium for Economic & Community Dev. for Hough Ward 7 v. Russo*, 2017-Ohio-8133, ¶ 8. Accordingly, I would also conclude that the probate court should have denied CCM's motion to dismiss under Civil Rule "12(B)(1)" because it has

---

[1] "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19. "A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Id*.

subject matter jurisdiction over the sale of a decedent's property.[2] Because I agree that the decision of the probate court must be reversed, I concur with this Court's disposition.

LANZINGER, P. J.
DISSENTING.

{¶22} I respectfully dissent because I would dismiss this appeal for lack of a final, appealable order. "As a general rule, a dismissal without prejudice is not a final, appealable order as it ordinarily constitutes a dismissal other than on the merits which allows the plaintiff to refile the complaint." *Peak-Sims v. Sims,* 2018-Ohio-2002, ¶ 3 (9th Dist.), quoting *Smirz v. Smirz*, 2014-Ohio-3869, ¶ 10 (9th Dist.). This Court has jurisdiction to hear appeals only from final judgments. Ohio Const., art. IV, § 3(B)(2); R.C. 2501.02. "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *Smirz* at ¶ 8.

{¶23} Under R.C. 2505.02(B)(1), a final order is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment . . . ." An order "determine[s] an action and prevent[s] a judgment" when it "dispose[s] of the merits of the cause or some separate and distinct branch thereof [leaving] nothing for the determination of the court." *VIL Laser Sys., L.L.C. v. Shiloh Industries, Inc.*, 2008-Ohio-3920, ¶ 8, citing *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 2007-Ohio-2457, ¶ 6. While exceptions exist to the general rule that a dismissal without prejudice is not a final, appealable order, those exceptions do not apply to this case. *See, e.g.*, *Peak-Sims*, 2018-Ohio-2002, ¶ 11 (9th Dist.) (Carr, J., dissenting) (collecting cases). Considered under R.C. 2505.02(B)(1), the trial court's order that dismissed

---

[2] "[A] motion filed pursuant to Civ.R. 12(B)(1) requires a trial court to determine whether 'any cause of action cognizable by the forum has been raised in the complaint.'" *Mullaji v. Mollagee*, 2020-Ohio-4618, ¶ 9 (9th Dist.) quoting *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989).

Appellant's complaint without prejudice did not "dispose of the merits of the cause or some separate and distinct branch thereof [leaving] nothing for the determination of the court." *VIL Laser Sys., L.L.C.* at ¶ 8. Accordingly, I would hold that it was not a final, appealable order. For these reasons, I respectfully dissent.

APPEARANCES:

JOSEPH A. KACYON, JOSEPH A. BRUCE, and JACOB H. STIGER, Attorneys at Law, for Appellant.

JOSHUA J. EPLING and DARRYL E. GORMLEY, Attorneys at Law, for Appellee.