[Cite as *New Sunrise Properties v. Robertson*, 2026-Ohio-2232.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

NEW SUNRISE PROPERTIES, INC.

    Appellee

    v.

LILLIAN ROBERTSON

    Appellant

    v.

THE MENTAL HEALTH AND
RECOVERY SERVICES BOARD OF
LORAIN COUNTY

    Defendant

C.A. No.    24CA012184

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23CV209802

DECISION AND JOURNAL ENTRY

Dated: June 15, 2026

STEVENSON, Judge.

**{¶1}** Appellant Lillian Robertson appeals a judgment of the Lorain County Court of Common Pleas granting the motion for summary judgment of New Sunrise Properties, Inc. ("New Sunrise"). This Court affirms.

I.

**{¶2}** New Sunrise is the owner of apartment units, and it houses tenants that receive subsidized housing under a federally funded Shelter Care Plus Program ("Shelter Plus"). Shelter Plus provides housing assistance to individuals deemed chronically homeless and disabled. It is

funded by the United States Department of Housing and Urban Development ("HUD"). HUD directs Shelter Plus funding to the Lorain County Mental Health and Recovery Services Board (the "MHARS Board"), who then directs the funds to New Sunrise pursuant to a Housing Assistance Payment ("HAP") contract. New Sunrise applies the subsidy to the rent of those tenants who are Shelter Plus recipients.

{¶3} Ms. Robertson qualified for the Shelter Plus program and signed a one-year lease to reside in a New Sunrise apartment on November 3, 2020. Ms. Robertson was required under the lease to annually apply for recertification to continue receiving the Shetler Plus subsidy in the next rental year. A recertification is an "[a]nnual [r]eview of family income, expenses, assets and composition." Ms. Robertson recertified in October 2021, and she continued to receive the Shelter Plus subsidy for the 2021-2022 rental year.

{¶4} New Sunrise sent Ms. Robertson written recertification notices as the subsidy renewal date approached in 2022. It sent renewal notices on July 6, 2022, August 11, 2022, and September 30, 2022. Ms. Robertson recalls receiving recertification notices in 2022. She contends that she never received the July 6, 2022, notice but admits that she received the August 11, 2022, notice and that she "tried to recertify but [] couldn't get a ride from anyone[.]" The August 11, 2022, notice scheduled a meeting for September 6, 2022, to process Ms. Robertson's recertification.

{¶5} Ms. Robertson also admits that she received the September 30, 2022, final notice from New Sunrise. New Sunrise informed Ms. Robertson in the final notice that her Shelter Plus subsidy "is set to expire 10/31/22" and that, despite "multiple letters[,]" speaking "verbally on multiple occasions[,]" "arrang[ing] transportation[,]" and going "to [her] home in an effort to get [her] to comply" with recertification, she has "refused to cooperate." The final notice stated that

"[c]ooperation with the recertification is a condition of continued program participation." The notice gave Ms. Robertson a chance to "immediately submit [her] income sources and sign the required paperwork" and it informed her that, if she failed to do so, her subsidy would terminate "effective November 1, 2022 and you will be responsible for the full market rate rent on that unit which is $732.00." The final notice included a phone number for Ms. Robertson to call and discuss the matter. Ms. Robertson did not respond to the final notice, and she was no longer a Shelter Plus recipient as of November 1, 2022.

{¶6} Lindsay Kochheiser is the Shelter Plus manager at New Sunrise who sent the recertification notices to Ms. Robertson. Ms. Kochheiser testified that, because Ms. Robertson "had failed to appear at several appointments that were made for her Shelter Plus Care recertification[,]" she went to Ms. Robertson's apartment in October, 2022, "with [Ms. Robertson's] case worker in an attempt to get her to sign [the recertification] paperwork[.]" She testified that she had all of the necessary paperwork with her at the visit and that Ms. Robertson "failed to cooperate." Ms. Robertson does not dispute that a caseworker came to her apartment to address her subsidy recertification.

{¶7} There is no dispute that Ms. Robertson did not complete the recertification process by the deadline for the 2022-2023 rental year and that she lost her Shelter Plus subsidy. Mindy Wright, the Manager of Housing and Compliance at New Sunrise, explained that Ms. Robertson was "no longer a [Shelter Plus] participant" when she failed to "comply with the program" by recertifying. Ms. Wright notified Ms. Robertson in an October 26, 2022, letter that, effective November 1, 2022, she would "be responsible for the full rent in the amount of $732" because she had failed to recertify her Shelter Plus subsidy. Ms. Robertson continued living in the apartment without making any rental payments.

{¶8} New Sunrise filed an eviction action against Ms. Robertson for non-payment of rent in December 2022. New Sunrise later dismissed this first eviction action without prejudice.

{¶9} Counsel for Ms. Robertson sent New Sunrise a reasonable accommodation letter on February 3, 2023, wherein she requested that she complete her Shelter Plus recertification. Ms. Robertson did not submit any medical documentation in support of her reasonable accommodation request. She also sent a reasonable accommodation letter to the MHARS Board.

{¶10} New Sunrise responded to Ms. Robertson's reasonable accommodation request on March 2, 2023, stating that recertification is a Shelter Plus requirement. New Sunrise explained that Shelter Plus is administered by the MHARS Board and that, "[a]s such, the determination as to whether [she] will be permitted to complete her recertification late or to reinstate retroactively is not a rule or policy that New Sunrise can alter or change." It informed Ms. Robertson that it would "engage in the interactive process" and "will complete any recertification forms required by the Shelter Care Plus Program and submit the same to the MHARS Board to determine if a recertification is warranted." New Sunrise stated that "[i]f [the] MHARS Board determines that the subsidy will be retroactively reinstated, [it] will accept the payments[.]"

{¶11} The MHARS Board denied Ms. Robertson's reasonable accommodation request on March 9, 2023. It stated that "Ms. Robertson did not adhere to her responsibilities for recertification, and therefore her subsidy has expired" and it "consider[ed] [the] matter closed." Ms. Robertson appealed the decision of the MHARS Board, and the trial court dismissed the appeal. This Court reversed the judgment of the trial court on the basis that it had not determined whether the October 26, 2022, notice of lease termination was a final order under R.C. 2506.01(A). *Robertson v. Mental Health, Addiction, and Recovery Servs. Bd. of Lorain Cty.,* 2025-Ohio-224, ¶ 9 (9th Dist.).

{¶12} New Sunrise served Ms. Robertson with a "THIRTY (30) DAY TERMINATION NOTICE" for "NON-PAYMENT OF RENT" on April 14, 2023. This notice informed Ms. Robertson that she had "defaulted in payment of rent and/or damages . . . under [her] Lease/Rental Agreement" and that $4,392.00 was due. Ms. Robertson was informed that she had "ten (10) days after service of this Notice," until "April 24, 2023 at 4:00 p.m." to pay the amount due and that her "lease will terminate on May 15, 2023" if the amount due remained unpaid. This notice further informed Ms. Robertson that she "may discuss the proposed termination of your tenancy with the Resident Manager in person within ten (10) days after service of this Notice" and that "[i]f you are [a] disabled person, you have the right to request a reasonable accommodation to participate in any such meeting or hearing." Ms. Robertson did not contact the Resident Manager or otherwise respond to this notice. A three-day notice to leave premises for non-payment of rent was served upon Ms. Robertson on May 16, 2023.

{¶13} New Sunrise filed a forcible entry and detainer action against Ms. Robertson in June 2023. Ms. Robertson filed an answer and counterclaim against New Sunrise and a third-party complaint against the MHARS Board. New Sunrise and the MHARS Board moved for summary judgment after the case was transferred to the Lorain County Court of Common Pleas. The trial court granted New Sunrise's motion for summary judgment and is holding the MHARS Board's motion for summary judgment in abeyance. Ms. Robertson appeals the judgment of the trial court granting New Sunrise's motion for summary judgment, asserting three assignments of error for this Court's review.

II.

**FIRST ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO NEW SUNRISE PROPERTIES BECAUSE IT**

**LACKED SUBJECT MATTER JURISDICTION DUE TO NEW SUNRISE'S PREMATURE SERVICE OF THE R.C. 1923.04 NOTICE BEFORE MS. ROBERTSON'S RENT SUBSIDY WAS PROPERLY TERMINATED.**

**{¶14}** Ms. Robertson argues in her first assignment of error that the trial court lacked subject matter jurisdiction when it granted New Sunrise's motion for summary judgment. We disagree.

**{¶15}** A landlord or property owner's compliance with federal notice requirements is a jurisdictional prerequisite for invoking the subject matter jurisdiction of the court. *Hampton Court, LLC v. French*, 2025-Ohio-1522, ¶ 30 (6th Dist.), citing *Olentangy Commons Owner LLC v. Fawley*, 2023-Ohio-4039, ¶ 52 (10th Dist.); *Garden Spires Urban Renewal, LP v. Yanford*, 2020 WL 6494641 (Sup. Ct. NJ, App. Div. Nov. 5, 2020). "The issue of subject matter jurisdiction is a question of law that we review de novo." *Kacyon v. Moore*, 2025-Ohio-5030, ¶ 8 (9th Dist.). Under a de novo standard, "appellate courts do not give deference to the trial court's determination and independently examine the record." *Id.*

**{¶16}** Ms. Robertson argues in her first assignment that New Sunrise did not comply with the parties' lease or 24 C.F.R. 578.91(b)/(c) when it terminated her Shelter Plus subsidy. She does not challenge New Sunrise's eviction notices in this assignment of error. She argues, rather, that her Shelter Plus subsidy was improperly terminated and that she was prematurely served with eviction notices. She argues that, because the eviction notices were premature, the trial court lacked subject matter jurisdiction when it granted summary judgment. New Sunrise argues that it complied with all notice requirements under the lease and 24 C.F.R. 578.91(b)/(c). It points out that it did not terminate Ms. Robertson's Shelter Plus subsidy and that the subsidy was not renewed due to Ms. Robertson's failure to recertify. Assuming without deciding that failure to provide these

notices would deprive a court of subject matter jurisdiction under R.C. 1923.04, Ms. Robertson's argument is not persuasive.

## Notice Requirements

### Lease

{¶17}   The lease agreement between Ms. Robertson and New Sunrise addresses the notice that is required when a subsidy is removed and provides in relevant part:

16.     **Removal of Subsidy:**

. . .

b.      The Landlord agrees to give the Tenant written notice of the proposed termination. The notice will advise the Tenant that, during the ten calendar days following the date of the notice, he/she may request to meet with the Landlord to discuss the proposed termination of assistance. If the Tenant requests a discussion of the proposed termination, the Landlord agrees to meet with the Tenant.

### 25 C.F.R. 578.91

{¶18}   Shelter Plus is funded by HUD and HUD regulations are found in the Code of Federal Regulations. Specifically, 25 C.F.R. 578.91(b) and (c) address the notice that is required when program assistance is removed and provides:

(b) Due process. In terminating assistance to a program participant, the recipient or subrecipient must provide a formal process that recognizes the rights of individuals receiving assistance under the due process of law. This process, at a minimum, must consist of:

(1)     Providing the program participant with a written copy of the program rules and the termination process before the participant begins to receive assistance;

(2) Written notice to the program participant containing a clear statement of the reasons for termination;

(3)  A review of the decision, in which the program participant is given the opportunity to present written or oral objections before a person other than the person (or a subordinate of that person) who made or approved the termination decision; and

(4) Prompt written notice of the final decision to the program participant.

(c) Hard-to-house populations. Recipients and subrecipients that are providing permanent supportive housing for hard-to-house populations of homeless persons must exercise judgment and examine all extenuating circumstances in determining when violations are serious enough to warrant termination so that a program participant's assistance is terminated only in the most severe cases.

The HUD contract between New Sunrise and the MHARS Board mirrors 25 C.F.R. 578.91(b)(2)-(4).

## Analysis

{¶19} Ms. Robertson does not dispute that she signed a lease with New Sunrise; that she received a copy of the lease; that she was required under the lease to annually apply for recertification of her Shelter Plus subsidy; and, that she did not apply for recertification by the October 31, 2022 deadline. Ms. Kochheiser testified that she sent recertification notices to Ms. Robertson on July 6, 2022, August 11, 2022, and September 30, 2022. Ms. Kochheiser also went to Ms. Robertson's apartment with Ms. Robertson's case worker and the recertification paperwork to complete recertification. New Sunrise had also arranged transportation for Ms. Robertson to complete recertification. Ms. Robertson has acknowledged that she received recertification notices from New Sunrise and that her case worker had been at her apartment to discuss recertification.

{¶20} New Sunrise's written notices informed Ms. Robertson that it was time for her annual recertification review; that "[c]ooperation with this recertification is a condition of continued program participation[;]" and that her presence at a recertification appointment was "mandatory." The notices informed Ms. Robertson of the documentation and information that she needed to bring with her to the recertification meeting.

{¶21} The September 30, 2022, "**Final Notice**" that New Sunrise sent informed Ms. Robertson:

Your Shelter Plus Care subsidy is set to expire 10/31/22. We have sent you multiple letters with appointment dates and spoken to you verbally on multiple occasions in an effort to have you sign your annual Shelter Plus Care documents. We have arranged transportation with your Caseworker and even on another occasion come to your home in an effort to get you to comply. To date you have refused to cooperate.

. . .

Cooperation with the recertification is a condition of continued program participation. Please be aware if you fail to immediately submit your income sources and sign the required paperwork your assistance will terminate effective November 1, 2022 and you will be responsible for the full market rent on that unit which is $732.00.

If you have any questions or concerns regarding this notice please call the office at (440) 365-9600 Ext. 27.

**{¶22}** We conclude that New Sunrise complied with all notice requirements under the parties' lease. New Sunrise provided written notice that Ms. Robertson's Shelter Plus subsidy was not going to renew due to her failure to recertify and this notice was given at least ten days before the expiration of the subsidy. New Sunrise provided the phone number that Ms. Robertson could call to discuss the final notice. It stated in its final notice that Ms. Robertson could still recertify provided she "immediately submit [her] income sources and sign the required paperwork[.]"

**{¶23}** We conclude that New Sunrise also complied with 25 C.F.R. 578.91(b). There is no dispute that the Shelter Plus program requirements included New Sunrise's lease with Ms. Robertson; that New Sunrise provided a copy of the lease to Ms. Robertson; and that the final notice informed Ms. Robertson that her subsidy was not going to be renewed due to her failure to recertify. The September 20, 2022, letter was titled "**Final Notice**" and it gave Ms. Robertson ten days to recertify her subsidy. *See Schroeder Co. v. Coates*, 2007-Ohio-2956, ¶ 40 (6th Dist.) (court found no error in landlord's final notice terminating subsidy housing). Ms. Robertson did not contact New Sunrise or request a review by the stated deadline as provided in 25 C.F.R.

578.91(b)(3) and, because she did not request a review, there was no further decision for New Sunrise to issue as provided in 25 C.F.R. 578.91(b)(4).

{¶24} There is no evidence in the record that New Sunrise took action to terminate Ms. Robertson's Shelter Plus subsidy. The undisputed evidence is that Ms. Robertson knew that she had to annually recertify her subsidy and that she failed to do so. Because New Sunrise did not move to terminate the subsidy during the rental period, we conclude that 25 C.F.R. 578.91(c) does not apply.

{¶25} Further, the notice that would apply to the June 2023 eviction under R.C. 1923.04 was the May notice to leave premises. Ms. Robertson was served with the notice to leave premises *after* she had already received the 30-day termination notice for non-payment of rent, which gave her 10 days to pay the amount due or to contact "the Resident Manager" to "discuss the proposed termination of [her] tenancy[.]" The evidence in the record is that Ms. Robertson requested a reasonable accommodation in February, 2023. There is no evidence in the record that she responded to either the April or May 2023 notices or to otherwise suggest that the trial court did not have subject matter jurisdiction over the eviction proceedings. For the reasons set forth above, Ms. Robertson's first assignment of error is overruled.

<b><u>SECOND ASSIGNMENT OF ERROR</u></b>

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT NEW SUNRISE WAS ENTITLED TO SUMMARY JUDGMENT WHEN NEW SUNRISE FAILED TO PROVIDE MS. ROBERTSON WITH DUE PROCESS IN VIOLATION OF 24 C.F.R. 578.91 AND THE 14TH AMENDMENT OF THE U.S. CONSTITUTION PRIOR TO COMMENCING THE EVICTION.**

{¶26} Ms. Robertson argues in her second assignment of error that New Sunrise's October 26, 2022, "**Final Notice**" of the nonrenewal of her Shelter Plus subsidy and its April 14, 2023, 30-day notice to vacate did not comply with "due process protections, including giving her a written

notice containing a clear statement of the reasons for termination." She contends that these notices failed to "provide [her] with the opportunity to present objections to an impartial party and receive a final written decision." For the reasons set forth below, Ms. Robertson's second assignment of error is overruled.

{¶27} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the nonmoving party and must resolve any doubt in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992). "A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor." *Jones v. Soto*, 2023-Ohio-3107, ¶ 26 (9th Dist.).

{¶28} The Supreme Court of Ohio has set forth the nature of the burden-shifting paradigm of a motion for summary judgment as follows:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal outlined in

Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293-293 (1996).

{¶29} The notices at issue in Ms. Robertson's second assignment of error were attached to New Sunrise's forcible entry and detainer complaint filed in June, 2023. The trial court noted in its judgment that Ms. Robertson had not "objected to the notices provided by New Sunrise" or "otherwise articulate[d] any basis as to why those notices could be insufficient[.]" Because Ms. Robertson had not objected to these notices, the Court found that "New Sunrise met its initial burden for summary judgment as to its eviction claims against [Ms.] Robertson."

{¶30} Assuming without deciding that Ms. Robertson's argument regarding New Sunrise's October 26, 2022, and April 14, 2023 notices are properly before this Court, we conclude that Ms. Robertson's second assignment of error is without merit. As set forth under our first assignment of error analysis, New Sunrise issued notices in compliance with the lease and federal requirements. New Sunrise notified Ms. Robertson that her Shelter Plus subsidy was not going to renew due to her failure to recertify and that, starting on November 1, 2022, she would be responsible for the full rent in the amount of $732.

{¶31} Further, Ms. Robertson's due process argument against New Sunrise exists only if New Sunrise acted as a state agency and terminated Ms. Robertson's subsidy. *See Bowling Green Manor Ltd. Partnership v. Kirk*, 1995 WL 386476, * 3 (6th Dist. June 30, 1995), citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972) (in order to afford due process rights to a tenant of public housing, the eviction must be a result of a state action). There is no dispute that Ms. Robertson did not recertify her Shelter Plus subsidy and that is why the subsidy was not renewed. There is no evidence in the record that New Sunrise moved to terminate the subsidy or decided

that it would be terminated. The trial court found that Ms. Robertson became responsible for the full rent when she failed to recertify because "New Sunrise stopped receiving rent payments from the [MHARS] Board[.]" It further found that "[t]here has been no suggestion that New Sunrise somehow refused rent payments from the [MHARS] Board on behalf of [Ms.] Robertson or otherwise prevented the Board from paying [Ms. Robertson's] rent." We cannot say that the trial court erred in these findings.

{¶32} Ms. Robertson's second assignment of error is, accordingly, overruled.

### THIRD ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT NEW SUNRISE WAS ENTITLED TO SUMMARY JUDGMENT BECAUSE ISSUES OF MATERIAL FACT EXIST THAT SHOULD HAVE BEEN CONSTRUED IN FAVOR OF MS. ROBERTSON, THE NONMOVING PARTY.**

{¶33} Ms. Robertson argues in her third assignment of error that the trial court erred as a matter of law when it found that there are no issues of material fact and granted summary judgment in favor of New Sunrise. We disagree.

{¶34} As previously set forth, summary judgment is appropriate under Civ.R. 56(C) when (1) no genuine issue of material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple*, 50 Ohio St.2d at 327, citing Civ.R. 56(C). The facts must be viewed in the light most favorable to the nonmoving party and any doubt must be resolved in favor of the nonmoving party. *Murphy*, 65 Ohio St.3d at 358-359. This Court reviews a summary judgment order do novo. *Grafton*, 77 Ohio St.3d at 105.

{¶35} Ms. Robertson argues that genuine issues of material fact remain regarding her reasonable accommodation request and that, therefore, the trial court erred when it granted summary judgment in favor of New Sunrise. New Sunrise maintains that there are no genuine issues of material fact and that summary judgment was properly granted.

{¶36} New Sunrise is required under the Fair Housing Act ("FHA") "to provide reasonable accommodations to a tenant with a disability when necessary." *Norwich Apts. II v. Sanders*, 2020-Ohio-4540, ¶ 21 (6th Dist.), citing 42 U.S.C. 3601-3619. A tenant must demonstrate the following to be entitled to a reasonable accommodation:

> (1) she suffers from a disability within the meaning of FHA; (2) the defendant knew or reasonably should have known of the disability; (3) the requested accommodation may be necessary to afford an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) the defendant refused to make the accommodation.

(Internal quotations and citations omitted). *Id.* at ¶ 21, quoting *Overlook Mut. Homes, Inc. v. Spencer*, 415 F.Appx. 617, 621 (6th Cir. 2011). While the FHA "'requires housing providers to make reasonable accommodations for renters' disabilities,'" courts have recognized that the FHA "'does not undermine the nature of their transaction or so fundamentally alter their relationship that it removes eviction as a remedy for nonpayment of rent.'" *Norwich Apts. II* at ¶ 24, quoting *Dempsey v. Hous. Operations Mgt., Inc.* 2016 WL 73072, *3 (D. Conn. Feb. 23, 2016).

{¶37} Upon review of the undisputed evidence, we cannot say that the trial court erred when it found that Ms. Robertson failed to establish the existence of a genuine issue of material fact as to whether New Sunrise failed to make a reasonable accommodation. In her February 3, 2023, reasonable accommodation letter to New Sunrise, Ms. Robertson asked New Sunrise to dismiss its eviction action. She asked New Sunrise to dismiss its eviction action so she could "[a]djust medications in consultation with her medical provider[.]" The trial court did not

determine whether this request was reasonable, nor did it have to make such a determination, because New Sunrise had dismissed its December, 2022 eviction action. That is the only eviction action that had been pending at the time of the February 3, 2023, reasonable accommodation request. New Sunrise did not file another eviction action until June 14, 2023. Ms. Robertson did not request a reasonable accommodation to the April 14 notice attached to that eviction.

{¶38} Even if her February 3 accommodation request applied to the June 14, 2023 eviction, summary judgment would still be appropriate. In her February 3 reasonable accommodation request, Ms. Robertson sought "to complete her recertification." It is undisputed that, by that time, Ms. Robertson's subsidy had not been renewed because she failed to timely recertify even though New Sunrise had sent her multiple recertification letters; a New Sunrise employee went to Ms. Robertson's apartment with Ms. Robertson's case worker to complete the recertification; and New Sunrise had arranged transportation for Ms. Robertson.

{¶39} The trial court found that Ms. Robertson's February 2023 request to recertify her subsidy did not "constitute a 'reasonable accommodation' because it was the [MHARS] Board that stopped paying [Ms.] Robertson's rent to New Sunrise[.]" The undisputed evidence supports this finding.

{¶40} There is no dispute that Shelter Plus is a federal program that is funded by HUD. HUD directs the federal funds to the MHARS Board who then directs the funding to New Sunrise to apply to the rent of Shelter Plus recipients. There is no evidence in the record that New Sunrise could force the MHARS Board to reinstate Ms. Robertson's subsidy or pay her rent. New Sunrise explained to Ms. Robertson when it responded to her request, stating:

> The requirement for [you] to submit to annual recertification as a condition of receiving a rental subsidy is not a policy or rule of New Sunrise. This requirement is a rule of the Shelter Plus Program that is administered by the MHARS Board. As such, the determination as to whether [you] will be permitted to complete [your]

recertification late or to reinstate retroactively is not a rule or policy that New Sunrise can alter or change.

New Sunrise informed Ms. Robertson that it would still "complete any recertification forms required . . . and submit the same to the MHARS Board" but, again, it was up to the "MHARS Board to determine if a certification is warranted." There is no evidence in the record to dispute this contention or to suggest that New Sunrise could force the MHARS Board to accept an untimely recertification. There is no evidence in the record that New Sunrise failed to participate in any attempt to recertify Ms. Robertson. It is further undisputed that Ms. Robertson has not paid any rent to New Sunrise since the MHARS Board stopped sending her subsidy to New Sunrise due to the failure to recertify.

{¶41} For the reasons set forth above, we cannot say that the trial court erred when it granted New Sunrise's motion for summary judgment. Ms. Robertson's third assignment of error is overruled.

III.

{¶42} Ms. Robertson's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas granting the motion for summary judgment of New Sunrise is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

_____
SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

MARIA A. SMITH, ELIZABETH A. ZAK, and KAREN P. WU, Attorneys at Law, for Appellant.

JAMES N. TAYLOR, Attorney at Law, for Appellee.